IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LEAF FUNDING, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )   No. 07-2568-CM |
| | ) |
| **CUSTOM HIGHLINE, L.L.C., et al.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM AND ORDER

In this breach of contract action, plaintiff LEAF Funding, Inc., asserts joint and several liability against the four defendants named in the case. Three of these four defendants have failed to appear or otherwise defend, and this court has entered default judgment against them as to liability. The answering defendant, David Rueschoff, has since settled with plaintiff and has been dismissed from the case with prejudice. Before this court is plaintiff's Motion for Default Judgment as to Damages Against Defendants Custom Highline, L.L.C., Zarif Haque, and Custom Highline Wholesale, L.L.C., (Doc. 54.), in which it seeks an award of $23,990.48, plus interest at the rate of 1.5 percent per month from and after November 1, 2007, and also reasonable collection costs and attorney's fees. For the following reasons, the court grants the motion.

**I. Factual Background**

On December 4, 2007, plaintiff filed this case with the following allegations: Plaintiff is a Delaware corporation. Defendants are citizens of Kansas, or a business located in Kansas. On May 30, 2007, Five Point Capital, Inc., ("Five Point") leased equipment to Custom Highline pursuant to a

Lease Agreement.  Under the agreement, Custom Highline was to make 60 monthly payments of $1,894.18.

As security for this lease, defendants Haque and Rueschhoff signed a Lease Guarantee, in which they jointly and severally guaranteed that Custom Highline would comply with the lease. Custom Wholesale also signed a guarantee of the lease, under which it guaranteed prompt payment of all rent owed by Custom Highline.  Custom Highline received the equipment under the lease.  On June 12, 2007, Five Point assigned its interests in the lease to plaintiff.   Custom Highline is now in default under the lease.

Plaintiff's complaint stated three claims: (1) because Custom Highline is in default, it owes plaintiff the sum of $103,990.48, plus interest at the rate 1.5 percent per month after November 1, 2007, plus reasonable collection costs and attorney's fees; (2) Haque and Rueschhoff jointly and severally owe plaintiff the same sums, and Custom Wholesale also owes plaintiff the same sum; and (3) plaintiff has immediate right to possession of the equipment.

Only Rueschhoff answered the complaint.  No other defendant has entered an appearance in this case.  On January 25, 2008, plaintiff filed a motion for default judgment against the "non-answering" defendants.  The Clerk of the Court entered default on January 29, 2008, as to Custom Highline, Haque, and Custom Wholesale.

Separately, plaintiff filed a motion for partial summary judgment against Rueschhoff. Because Rueschhoff's response raised material issues of fact regarding the issue of damages, this court denied it.

Ultimately, the court granted the motion for default judgment against defendants Custom Highline, Haque, and Custom Wholesale as to liability.  *Frow v. De La Vega*, 82 U.S. 552 (1872);

*see also Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147–48 (10th Cir. 1985). However, guided by the principle that the amount of damages that a plaintiff may recover from defaulting and nondefaulting defendants should not differ where liability is joint and several,[1] the court declined to enter an award against the defaulting defendants.

Plaintiff has now settled its claim against Rueschoff, who has been dismissed from this case with prejudice. Therefore, plaintiff's renewed motion for a damage award against the defaulting defendants is properly before this court.

## II. Judgment Standard

Once default is entered, a defendant is deemed to have admitted the plaintiff's well-pleaded allegations of fact. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). Under Federal Rule of Civil Procedure 55(b), "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing. . . ." The claimed amount of damages must be supported with an affidavit or other evidence of actual damages.

## III. Discussion

The pleadings, supported by the affidavit of James J. Grant, set out the amount of damages under the contract at $103,990.48, plus interest at the rate 1.5 percent per month after November 1, 2007. In this renewed motion, and through the affidavit of Alan Schulik, plaintiff asserts that it has

---

[1] It is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments. *Montcalm Pub. Corp. v. Ryan*, 807 F. Supp 975, 978 (S.D.N.Y. 1992); *Friedman v. Lawrence*, 90 Civ. 5584, 1991 WL 206308, (S.D.N.Y. Oct. 2, 1991); 10A Fed. Prac. & Proc. § 2690 (2008).

received payment from Rueschoff in the amount of $50,000, and that the fair rental value of the equipment through the remainder of the lease agreement term is $30,000. Deducting these values from the balance due under the lease agreement, the plaintiff seeks an award of $23,990.48, plus interest at the rate 1.5 percent per month after November 1, 2007.

Plaintiff also seeks attorney's fees and collection costs, both of which are permitted under the terms of the lease agreement (Doc. 12-2, ex. A) and which are enforceable under applicable law. *Farmers Cas. Co. v. Green*, 390 F.2d 188, 192 (10th Cir. 1968) (holding that, under Kansas law and traditionally, attorney's fees can be awarded only if provided by contract or authorized by statute); *Santisas v. Goodin*, 951 P.2d 399, 403–412 (Cal. 1998) (holding that attorney's fees can be awarded only if provided by contract or authorized by statute).

Under Rule 55, this court holds that plaintiff is entitled to an a award of $23,990.48, plus interest at the rate 1.5 percent per month after November 1, 2007. The court finds that plaintiff is also entitled to collection costs and reasonable attorney's fees, but has failed to establish these amounts through affidavits or otherwise. Additionally, as the prevailing party, plaintiff is entitled to costs in accord with the procedure set out by Local Rule 54.1.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Default Judgment Against Defendants Custom Highline, L.L.C., Zarif Haque, and Custom Highline Wholesale (Doc. 54) is granted.

**IT IS FURTHER ORDERED THAT** judgment is entered in favor of the plaintiff and against defendants Custom Highline, L.L.C., Zarif Haque, and Custom Highline Wholesale in the amount of $23,990.48, plus interest at the rate 1.5 percent per month after November 1, 2007.

**IT IS FURTHER ORDERED THAT** the plaintiff shall submit evidence sufficient to establish reasonable attorney's fees and collection costs and in accord with Fed. R. Civ. P. 55 by

-5-

March 10, 2009.

  Dated this 10th day of February, 2009, at Kansas City, Kansas.


              **s/ Carlos Murguia**
              **CARLOS MURGUIA**
              **United States District Judge**